IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| DORETHA BRINKLEY, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 2:11-cv-00207-SWW |
| | * | |
| | * | |
| CITY OF HELENA-WEST HELENA, | * | |
| ARKANSAS and ARNELL WILLIS or | * | |
| JAMES VALLEY, Individually and in their | * | |
| Official Capacity as MAYOR and as Former | * | |
| MAYOR OF HELENA-WEST HELENA, | * | |
| MIKE HALL, in his Individual and Official | * | |
| Capacity as a police officer for the CITY OF | * | |
| HELENA-WEST HELENA, ARKANSAS, | * | |
| | * | |
| Defendants. | * | |

ORDER

Plaintiff Doretha Brinkley brings this action against defendants City of Helena-West Helena, Arkansas, Arnell Willis or James Valley, mayor or former mayor of Helena-West Helena, and Mike (or Mikel) Hall, police officer for the City of Helena-West Helena, for injuries she claims she suffered when being arrested by Hall.  Plaintiff claims, *inter alia*, that while she was handcuffed and compliant, Hall slammed her head into his police cruiser and struck her with his baton and fists, knocking out some of her teeth and causing her other serious bodily injury.

The matter is before the Court on motion of plaintiff for default judgment under Fed.R.Civ.P. 55(b)(2) against the City of Helena-West Helena and Mike (or Mikel) Hall [doc.#13].  There has been no response to this motion and the time for doing so has passed.  For the reasons that follow, the Court grants plaintiff's motion for default judgment against the City of Helena-West Helena and Mike (or Mikel) Hall.

I.

Rule 55 of the Federal Rules of Civil Procedure contemplates a two step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F.Supp.2d 946, 950-951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id*. Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id*. Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b). *Id*.

II.

Plaintiff filed this action on November 14, 2011, and the record reflects that all defendants have been served. No defendant has answered or otherwise responded to plaintiff's complaint, however, and the time for doing so has passed.

On May 16, 2012, plaintiff filed a motion for Clerk's Default as to the City of Helena-West Helena and Mike (or Mikel) Hall. The Clerk entered a Clerk's Default against these two defendants the following day, see Doc.#11, after which plaintiff filed her motion for default judgment against the City of Helena-West Helena and Mike (or Mikel) Hall.

In her motion for default judgment, plaintiff states she sustained a fractured nasal bone, knocked out teeth, abrasions, and muscle strains. She states she experienced immediate pain and continued to experience pain throughout the course of treatment and that she was prescribed Lexapro for depression and anxiety, Valium for her nerves, and Lortab or Lorcet for pain. Plaintiff states she still has an approximately one inch scar on her lip and that she has had and will continue to have anxiety attacks, flashbacks, and nightmares as a result of the actions of the

City of Helena-West Helena and Mike (or Mikel) Hall.  Plaintiff states she sustained medical bills of approximately $20,415.00 and that the estimate for the repair work on her teeth is $2,385.00.  Plaintiff seeks damages in the total amount of $225,000.00.

There being no objection from either defendant, the Court grants plaintiff's motion for default judgment against the City of Helena-West Helena and Mike (or Mikel) Hall.  Prior to entering judgment, however, the Court must have a hearing on the amount of plaintiff's damages:

> "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  *Pope v. United States,* 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944).  "The court may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages." Fed.R.Civ.P. 55(b)(2)(B).  *See also Am. Red Cross v. Cmty. Blood Ctr.,* 257 F.3d 859, 864 (8th Cir.2001) ("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." (quoting *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir.2001) (internal quotation marks omitted))).  Once the amount of damages has been established, the court may enter judgment pursuant to the rule.

*Stephenson v. El-Batrawi*, 524 F.3d 907, 915-916 (8th Cir. 2008).

The Court finds that the requested amount of damages in the amount of $225,000.00 is indefinite or uncertain and that plaintiff's damages must therefore be proved in a hearing.  The Court will schedule that hearing by separate Order.

IT IS SO ORDERED this 14th day of June 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE