IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DORETHA BRINKLEY,                        *
                                         *
                  Plaintiff,             *
vs.                                      *          No. 2:11-cv-00207-SWW
                                         *
                                         *
CITY OF HELENA-WEST HELENA,              *
ARKANSAS and ARNELL WILLIS or            *
JAMES VALLEY, Individually and in        *
their Official Capacity as MAYOR and     *
as Former  MAYOR OF HELENA-WEST          *
HELENA, MIKE HALL, in his Individual     *
and Official Capacity as a police officer *
for the CITY OF HELENA-WEST              *
HELENA, ARKANSAS,                        *
                                         *
                  Defendants.            *

OPINION AND ORDER

        Doretha Brinkley brings this action against the City of Helena-West Helena,

Arkansas, Arnell Willis or James Valley, Mayor or former Mayor of the City of Helena-

West Helena in their individual and official capacities, and Mike (or Mikel) Hall, police

officer for the City of Helena-West Helena in his individual and official capacity, for

injuries she claims she suffered when being arrested by Hall on November 16, 2008.

Brinkley claims, *inter alia*, that while she was handcuffed and compliant, Hall slammed

her head into his police cruiser and struck her with his baton and fists, knocking out some

of her teeth and causing her other serious bodily injury.  Several issues are presently

before the Court, including whether to set aside entries of default against the City of

Helena-West Helena and Hall.

I.

Brinkley filed this action on November 14, 2011.  None of the defendants responded to Brinkley's complaint and Brinkley, on May 16, 2012, filed a motion for a Clerk's default against the City of Helena-West Helena and Hall.  The Clerk of Court entered a Clerk's Default the following day after which Brinkley filed a motion for default judgment under Fed.R.Civ.P. 55(b)(2) against the City of Helena-West Helena and Hall.  There was no response to this motion and the Court, by Order entered June 14, 2012 [doc.#16], granted Brinkley's motion for default judgment against the City of Helena-West Helena and Hall but determined that the requested amount of damages in the amount of $225,000.00 is indefinite or uncertain and that Brinkley's damages must therefore be proved in a hearing.

On June 19, 2012, the Court set a damages hearing for June 29, 2012 [doc.#17]. The Clerk of Court sent the notice of hearing that same day to the City of Helena-West Helena, Arnell Willis, Mayor of the City of Helena-West Helena, James Valley, former Mayor of the City of Helena-West Helena, and Hall by both regular mail and certified mail, return receipt requested.  Mayor Willis states he received the Court's notice of hearing the following day, June 20, 2012, and the certified mail return receipts for the mail sent to the City of Helena-West Helena, Mayor Willis, and former Mayor Valley were all filed with the Court on June 25, 2012.[1]  The notice of hearing sent to Hall was

---

[1] These return receipts were all signed by the same individual whose signature is difficult to discern.  The signature is not that of any defendants, however.

returned to the Court as undeliverable.

On the afternoon of June 28, 2012, the day before the damages hearing, Chalk S. Mitchell, City Attorney for the City of Helena-West-Helena, filed a motion on behalf of the City of Helena-West Helena and Hall to set aside entry of default [doc.#27].  Less than an hour after receiving this motion, the Court entered an Order [doc.#28] continuing the damages hearing pending resolution of defendants' motion.  Later that evening, Mitchell filed a second motion on behalf of the City of Helena-West Helena and Hall to set aside entry of default along with a brief in support [doc.#'s 29 & 30].  Brinkley has responded in opposition to defendants' motions and, in turn, has filed (1) a motion to disqualify counsel and to strike defendants' motions to set aside entry of default [doc.#33] and (2) a motion to strike or limit the Declaration of Arnell Willis [doc.#35].  The City of Helena-West Helena and Hall have responded in opposition to Brinkley's motions.  For the reasons that follow, the Court denies as moot the motion of Brinkley to disqualify counsel, denies the motion of Brinkley to strike defendants' motions to set aside entry of default, denies Brinkley's motion to strike or limit the Declaration of Arnell Willis, and grants the motions of the City of Helena-West Helena and Hall to set aside entry of default.

II.

The Court first addresses Brinkley's motion to disqualify counsel and to strike defendants' motions to set aside entry of default [doc.#33].  Brinkley argues that the attorney for defendants, City Attorney Mitchell, previously represented Brinkley in the

misdemeanor charges stemming from the same transaction that gave rise to this civil

action and that Mitchell's filings in this matter are directly adverse to Brinkley's position.

Brinkley argues that Mitchell must therefore be disqualified from this matter and the

pleadings he has filed must be struck from the record.

      The Court denies as moot the motion to disqualify Mitchell as the Court, by Order

entered September 5, 2012 [doc.#42], granted a motion of attorney Mary Robin Casteel to

be substituted in place of Mitchell as counsel for all defendants in their individual and

official capacities.  Because the Court deems the pleadings filed by Mitchell to be

adopted by defendants and defendants' new counsel as their own, the Court denies

Brinkley's request to strike those pleadings.[2]

III.

      The Court now turns to the motion to strike or limit the Declaration of Arnell

Willis [doc.#35], who has been Mayor of the City of Helena-West Helena from January

1, 2011, to the present.   Brinkley served the City of Helena-West Helena and Mayor

Willis by certified mail, return receipt requested.  As will be seen, an issue in this action

is whether Raymond Williams, an employee of the City of Helena-West Helena during

the relevant time, was authorized to sign for the certified mail.  In his Declaration, Mayor

Willis states, *inter alia*, as follows:

---

[2] This is of no real consequence to Brinkley as Casteel has filed her own timely response
in opposition to Brinkley's motions in which she sets forth defendants' position and
argument–mirroring those of Mitchell–as to why default should be set aside.

-4-

7.  I have not received any form of notice of [Brinkley's] lawsuit, nor did I have any knowledge of the lawsuits [sic] existence until I received the Court's Notice of Hearing on June 20, 2012.

8.  I have never appointed an individual named "Raymond Williams" to accept service of process on behalf of me or the City of Helena-West Helena.

Brinkley objects to Mayor Willis's Declaration to the extent he seeks to testify in his official capacity as Mayor regarding Raymond Williams.  Brinkley states that the Declaration fails to set forth a foundation to support any such testimony, *e.g.*, that Mayor Willis has reviewed any municipal minutes, ordinances, payroll records, or any other municipal records kept in the course of the regular business of the City of Helena-West Helena, and that the Declaration is merely conclusory as to the knowledge and actions of the City of Helena-West Helena regarding Raymond Williams or his status as an employee of the City of Helena-West Helena.

The Court denies Brinkley's motion to strike as Mayor Willis only notes in his Declaration that he personally did not receive notice of Brinkley's action until June 20, 2012, and that he personally did not appoint Raymond Williams to accept service of process on his behalf or the City of Helena-West Helena.  These are assertions that are within his personal knowledge, at least within his individual capacity, and in that respect do not provide a basis for their being stricken from the record.[3]

---

[3] The Court does note that to the extent Mayor Willis's Declaration seeks to speak on behalf of the City of Helena-West Helena, Mayor Willis's Declaration does not deny that Raymond Williams was an employee of the City of Helena-West Helena and Mayor Willis does not claim to have reviewed any records that would address the authority of Raymond Williams to accept service of process on behalf of the City of Helena-West Helena or Mayor Willis, even if

IV.

The Court now turns to the motions of the City of Helena-West Helena and Hall to set aside entry of default [doc.#'s 27, 29].  These defendants, joined by Mayor Willis (see doc.#41), argue they were never properly served with process and, as such, the Court has not obtained personal jurisdiction over them.  Defendants further argue that even if there was valid service of process, there exists good cause to set aside the entries of default.

<u>Service of Process</u>

Proper service of process is essential because "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant."  *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citations omitted).  Likewise, "Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant."  See *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003) (citation omitted).  It is the plaintiff's burden to prove proper service once it is contested.  See *Singh v. M/S Crompton Greaves Ltd.*, No. 4:11cv1207, 2011 WL 5833969, at *3 (E.D. Mo. Nov. 18, 2011); *Broadway v. adidas America, Inc.*, No. 3:07cv000149, 2008 WL 2705566, at *3 (E.D. Ark. July 10, 2008) (citation omitted).

Rule 4 of the Federal Rules of Civil Procedure governs service of process and provides that service may be accomplished by "following state law for serving a

---

Mayor Willis did not personally appoint him to do so.

summons in an action brought in courts of general jurisdiction in the state where the

district court is located or where service is made." Fed.R.Civ.P. 4(e)(1).  Brinkley

attempted service of process pursuant to Arkansas law, which provides in relevant part:

> ... Service shall be made upon any person designated by statute to receive service or as follows:
>
> (1) Upon an individual, other than an infant by delivering a copy of the summons and complaint to him personally, or if he refuses to receive it, by offering a copy thereof to him, or by leaving a copy thereof at his dwelling house or usual place of abode with some person residing therein who is at least 14 years of age, or by delivering a copy thereof to an agent authorized by appointment or by law to receive service of summons.
>
> . . . .
>
> (7) Upon a state or municipal corporation or other governmental organization or agency thereof, subject to suit, by delivering a copy of the summons and complaint to the chief executive officer thereof, or other person designated by appointment or by statute to receive such service, or upon the Attorney General of the state if such service is accompanied by an affidavit of a party or his attorney that such officer or designated person is unknown or cannot be located.
>
> (8)(A)(i) Service of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. However, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.
>
> . . . .

Ark.R.Civ.P. 4(d).

Brinkley served the City of Helena-West Helena, Mayor Willis, and former Mayor Valley by certified mail, return receipt requested.  The certified mail sent to the City of Helena-West Helena was addressed to "City of Helena-West Helena c/o Arnell Willis, Mayor," the certified mail sent to Mayor Willis was addressed  to "Arnell Willis, Mayor, City of Helena-West Helena," and the certified mail sent to former Mayor Valley was addressed to "James Valley, former Mayor, City of Helena-West Helena."  The restricted delivery box on the certified mail sent to the City of Helena-West Helena was not checked but the restricted delivery box on the certified mail sent to Mayor Willis and former Mayor Valley was checked.  All three pieces of certified mail listed the address as 98 Plaza Ave., City of Helena-West Helena, AR 72390.[4]  The return receipts for all three pieces of certified mail were signed by Raymond Williams on March 10, 2012.  Brinkley has submitted a Declaration dated July 14, 2012, stating that Williams was an employee

---

[4] Effective January 1, 2006, the cities of Helena and West Helena were consolidated to form the City of Helena-West Helena. *Jackson v. Housing Authority of City of Helena*, No. 4:10cv00323, 2010 WL 2640372, at *1 n.1 (E.D. Ark. July 1, 2010).  Brinkley has submitted an excerpt of the AT&T yellow pages that lists the address for the Mayor's office for the "City of West Helena" as 98 Plaza Ave., the same address to which Brinkley sent the certified mail to the City of Helena-West Helena, Mayor Willis, and former Mayor Valley.  Mayor Willis, however, states that the Mayor's office has been located at 226 Perry Street, Helena, AR 72342, during his term as Mayor.  In fact, Brinkley has submitted an excerpt from the AT&T yellow pages that lists the address for the Mayor's office for the "City of Helena" as 226 Perry Street.  Regardless, the City of Helena-West Helena clearly maintains a Mayor's office at 98 Plaza Ave. and this was obviously a sufficient mailing address for the City of Helena-West Helena as the Court mailed its notice of damages hearing by both regular mail and certified mail, return receipt requested, to that same address on June 19, 2012, and Mayor Willis states he received it the following day after which the City of Helena-West Helena filed its papers contesting the entry of default against it.  The Court's certified letter to the City of Helena-West Helena, like that of Brinkley, was addressed to "City of Helena-West Helena, Arkansas c/o Arnell Willis," and the Court's certified letter to Mayor Willis was addressed to "Arnell Willis, Mayor, City of Helena-West Helena, AR."  Both return receipts were signed by the same person (not Mayor Willis).

of the City of Helena-West Helena during the relevant time.

Brinkley likewise served Hall by certified mail, return receipt requested.  The certified mail was addressed to "Mike or Mikel Hall, 600 Poplar Street, Apartment 6C, Helena-West Helena, Arkansas, 72342," and the restricted delivery box was checked. The return receipt was signed by one Talesha Britton on March 14, 2012.  Brinkley's counsel has submitted a Declaration stating that on information and belief Talesha Britton is a competent member of Hall's family or is otherwise authorized to represent Hall.

Mayor Willis and former Mayor Valley

As an initial matter, the Court addresses the validity of Brinkley's service on Mayor Willis and former Mayor Valley.  Brinkley did not move for default judgment against Mayor Willis or former Mayor Valley but Mayor Willis argues the Court does not have jurisdiction over him due to improper service.  Because jurisdiction is implicated, the Court addresses the issue of service on Mayor Willis as well as former Mayor Valley.

Mayor Willis does not dispute that Raymond Williams was an employee of the City of Helena-West Helena during the relevant time but argues that his (Mayor Willis's) signature does not appear on the return receipt and he has never appointed Williams to accept service of process on behalf of himself or the City of Helena-West Helena. Former Mayor Valley does not advance any argument that service on him was invalid.

"Service by registered or certified mail should be regarded as ... efficacious from a constitutional perspective to invoke personal jurisdiction since the return receipt normally guarantees that the defendant or someone related or associated with him has received the

process...."  4A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L.

Marcus, *Federal Practice and Procedure* § 1074 (3d ed. 2012); accord *Hill v. Barker*, No.

Civ.A. DKC2005-1037, 2005 WL 1271851, at *3 (D. Md. May 26, 2005).  Neither

Mayor Willis nor former Mayor Valley cite any authority suggesting that Raymond

Williams–a city employee during the relevant time–was not authorized to accept service

on their behalf.  While Mayor Willis notes in his Declaration that he never appointed

Raymond Williams to accept service of process on behalf of himself, he does not claim

that Raymond Williams was not authorized to accept service on behalf of himself or the

City of Helena-West Helena and former Mayor Valley by virtue of any rules or policy of

the City of Helena-West Helena.  Tellingly, Mayor Willis does not claim to have

reviewed any municipal minutes, ordinances, payroll records, or any other municipal

records kept in the course of the regular business of the City of Helena-West Helena and

the Court finds his Declaration simply is not relevant to the knowledge and actions of the

City of Helena-West Helena regarding employee Raymond Williams and his authority to

accept service of process on behalf of the City of Helena-West Helena, Mayor Willis, and

former Mayor Valley.  For her part, Brinkley followed the certified mail requirements of

Ark.R.Civ.P. 4(d)(8) with respect to service on Mayor Willis and former Mayor Valley

and it was not her responsibility to ensure that the person signing for that mail was

authorized to do so.  The Court finds that Brinkley properly served Mayor Willis and

former Mayor Valley.

There remains the question of what to do about the apparent state of limbo Mayor

Willis and former Mayor Valley find themselves in as they have not answered Brinkley's complaint despite being validly served and yet Brinkley has not moved for default judgment against them.  Given that the question of default against Mayor Willis and former Mayor Valley is apparently of no great import to Brinkley, the Court will allow Mayor Willis and former Mayor Valley twenty (20) days from the date of entry of this Order in which to file a motion for an extension of time pursuant to Fed.R.Civ.P. 6(b)(1)(B) to file an answer or other responsive pleading to Brinkley's complaint.[5]

The City of Helena-West Helena

Concerning the validity of Brinkley's service on the City of Helena-West Helena, the Court finds this service was not valid as the restricted delivery box on the certified mail sent to the City of Helena-West Helena was not checked in accordance with the requirements of Ark.R.Civ.P. 4(d)(8).  Service requirements imposed by court rules "must be strictly construed and compliance with them must be exact," *Sidney Moncrief Pontiac, Buick, GMC*, 353 Ark. at 709, 120 S.W.3d at 530, and actual knowledge of a proceeding does not validate defective service.  *Trusclair v. McGowan Working Partners*, 2009 Ark.

---

[5] Under Fed.R.Civ.P. 6(b)(1)(B), the Court may extend an answer deadline "on motion made after the time has expired if the party failed to act because of excusable neglect."  For a discussion of the factors to be considered in determining whether excusable neglect for an extension exists, see *Treasurer, Trustees of Drury Indus., Inc. Health Care Plan and Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012).  Mayor Willis and former Mayor Valley should address these factors in their motion for an extension of time in which to file an answer or other responsive pleading to Brinkley's complaint.

203, at 4, 306 S.W.3d 428, 430 (citation omitted).[6]  Accordingly, the Court sets aside the default judgment against the City of Helena-West Helena.

There remains the question of whether Brinkley should be granted an extension of time in which to serve the City of Helena-West Helena now that the Court has found that Brinkley's service against that defendant was invalid.  Rule 4(m) of the Federal Rules of Civil Procedure grants discretion to a district court to extend the time for service of process even where there is no good cause shown.  *Adams v. AlliedSignal General Avaiation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).  See also *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (under the "...1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown'.... The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow.") (quoting Fed.R.Civ.P. 4(m) Adv. Comm. Notes)).  If the Court does not grant Brinkley an extension, the applicable statute of limitations would appear to bar any refiled action.[7]  That being so, and having considered other factors, the Court will in these

---

[6] "The bright line standard of strict compliance permits certainty in the law; whereas, a substantial compliance standard would lead to an ad hoc analysis in each case in order to determine whether the due process requirements of the Arkansas and U.S. Constitutions have been met."  *Id.*

[7] Brinkley brings this action pursuant to, *inter alia*, 42 U.S.C. § 1983 and the Arkansas Civil Rights Act of 1993 (ACRA), Ark. Code Ann. § 16-123-101 *et seq*.  A three-year statute of limitations applies to § 1983 actions in Arkansas.  *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).  Likewise, the Eighth Circuit has determined that ACRA actions of this type are governed by a three-year statute of limitations.  *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 519 F.3d 466, 474 (8th Cir. 2008).

circumstances grant Brinkley an extension of time in which to properly serve the City of

Helena-West Helena to relieve Brinkley of the consequences of the 120-day requirement

of Rule 4(m).  Such relief under Rule 4(m) is discretionary with a district court.  See

*Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) ("Relief

may be justified, for example, if the applicable statute of limitations would bar the refiled

action") (quoting Fed.R.Civ.P. 4(m) Adv. Comm. Notes)).  See also *Kurka v. Iowa*

*County, Iowa*, 628 F.3d 953, 958 (8th Cir. 2010) (efforts to effect service, lack of

prejudice to defendant, and lethal effect of the statute of limitation are properly

considered in determining whether the circumstances warrant a discretionary extension).[8]

Accordingly, Brinkley is hereby given twenty (20) days from the date of entry of this

Order in which to properly serve the City of Helena-West Helena.[9]

<u>Hall</u>

In addressing the validity of Brinkley's service on Hall, the Court notes the state of

---

[8] Although the running of the statute of limitations does not require a district court to extend time for service of process, *see Adams*, 74 F.3d at 887 (citation omitted), Brinkley's failure to properly serve the City of Helena-West Helena was not willful, there is no indication of egregious neglect, defendants will not be prejudiced by allowing Brinkley an extension of time in which to properly serve the City of Helena-West Helena, the length of delay is not substantial in the circumstances, and judicial proceedings will not be negatively impacted.  See *Kurka*, 628 F.3d at 959 (factors to be considered).

[9] All of this may be a moot point as Brinkley properly served Mayor Willis in his individual and official capacity and he presumably will file a motion for an extension of time in which to file an answer or other responsive pleading to Brinkley's complaint.  "Because 'the real party in interest in an official-capacity suit is the governmental entity and not the named official,'" *Robb v. Hungerbeeler*, 370 F.3d 735, 739 (8th Cir. 2004) (quoting *Hafer v. Melo,* 502 U.S. 21, 25 (1991)), "'an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'"  *Id*. (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

confusion Brinkley has created regarding Hall's correct address.  As previously noted, the notices of hearing mailed by the Court to Hall were returned as undeliverable with the notation "Return to Sender, No Such Street, Unable to Forward."  Both notices–one sent by regular mail and the other by certified mail, return receipt requested–were sent to Hall at 600 Poplar Avenue Apt. 6[C?], Helena-West Helena, Arkansas, 72390.  This was the address provided by Brinkley on the summons in a civil action [doc.#8] and, understandably, the address used by the Clerk of Court in mailing the notices of hearing. This address, however, was apparently incorrect and resulted in the notices being undeliverable; it is not the same address on the return receipt [doc.#8] that Brinkley utilized to serve process on Hall.  Given the confusion Brinkley has created regarding Hall's correct address that resulted in Hall not receiving the Court's notices of hearing, the Court will give Hall the benefit of the doubt concerning his argument that he was not properly served and set aside the entry of default against him.  For the same reasons the Court is granting Brinkley an extension of time in which to properly serve the City of Helena-West Helena, Brinkley is hereby given twenty (20) days from the date of entry of this Order in which to properly serve Hall.[10]

---

[10] Even if Hall was properly served at the correct address, the Court still may "set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c).  In this respect, even if Hall is required to meet the more stringent standard for setting aside a default judgment under Fed.R.Civ.P. 60(b)(1), which is excusable neglect, see *P.S. Products, Inc. v. Unique Cutlery, Inc.*, No. 4:09cv00664, 2010 WL 728978 (E.D. Ark. Feb. 25, 2020), the Court, having considered the relevant factors, see *Kurka*, 628 F.3d at 959,finds that Hall has established excusable neglect.  There is no substantial prejudice from the delay, the length of the delay is not substantial, the reason for the delay is arguably at least partly attributable to Brinkley, there is no significant impact on the judicial proceedings given that the

V.

For the foregoing reasons, the Court denies as moot the motion of Brinkley to disqualify counsel [doc.#33], denies the motion of Brinkley to strike defendants' motions to set aside entry of default [doc.#33], denies Brinkley's motion to strike or limit the Declaration of Arnell Willis [doc.#35], and grants the motions of the City of Helena-West Helena and Hall to set aside entry of default [doc.#'s 27, 29].  Mayor Willis and former Mayor Valley are given twenty (20) days from the date of entry of this Order in which to file a motion for an extension of time pursuant to Fed.R.Civ.P. 6(b)(1)(B) to file an answer or other responsive pleading to Brinkley's complaint.  Brinkley is given twenty (20) days from the date of entry of this Order in which to properly serve the City of Helena-West Helena and Hall.

IT IS SO ORDERED this 22nd day of October 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

Court today is essentially hitting a reset button, and there is no showing that Hall acted in bad faith.